UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | **CV 18-6528-DMG (FFMx)** | Date | November 19, 2018 |
| Title | *Velanta Monique Babbitt v. Dignity Health, et al.* | Page | 1 of 6 |

Present: The Honorable  DOLLY M. GEE, UNITED STATES DISTRICT JUDGE

| KANE TIEN | NOT REPORTED |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiff(s) | Attorneys Present for Defendant(s) |
|---|---|
| None Present | None Present |

**Proceedings:** **IN CHAMBERS - ORDER RE MOTION TO REMAND ACTION [34], AND MOTION FOR STAY OF PROCEEDINGS AND SUBSTITUTION OF THE UNITED STATES [33]**

On February 16, 2016, Plaintiff Velanta Monique Babbitt, in her individual capacity and as a parent and guardian of B.D., a minor, filed a complaint in Los Angeles County Superior Court alleging medical malpractice against Defendants Dignity Health and Dr. Sebhat Afework. Removal Notice, Ex. 1 [Doc. # 1-1]. On March 27, 2018, Plaintiff filed proofs of service of summons for each Defendant. [Doc. ## 1-14, 1-15.]

On July 27, 2018, Defendant Afework removed this action pursuant to 28 U.S.C. section 1442 and 42 U.S.C. section 233(l)(2). *See* Removal Notice at 2–4 [Doc. # 1].[1] Afework asserts that removal is timely because he first became aware of the state action via a letter from Dignity that was dated June 27, 2018. *See id*. at 3. Afework alleges that he has absolute immunity from Plaintiff's claims of medical malpractice pursuant to the Federally Supported Health Centers Assistance Act ("FSHCAA") because he acted within the scope of his "deemed" federal employment at all times relevant to Plaintiff's claims. *See id.* at ¶¶ 4–5, 15.

On August 24, 2018, the United States ("the Government") filed a Motion to Remand ("MTR") on the ground that removal under both 28 U.S.C. section 1442 and 42 U.S.C. section 233(l)(2) was procedurally improper. [Doc. # 34]. On the same day, Defendant Afework filed a Motion for Stay of the Proceedings and Substitution of the United States as a Defendant. [Doc. # 33.] Both motions have since been fully briefed. [Doc. ## 39, 40, 41, 42, 47, 48.] Having duly considered the parties' written submissions, the Court **GRANTS** the Government's MTR and **DENIES as moot** Defendant Afework's Motion for Stay and Substitution.

---

[1] All page references herein are to page numbers inserted by the CM/ECF system.

UNITED STATES DISTRICT COURT    JS-6 / REMAND
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | CV 18-6528-DMG (FFMx) | Date | November 19, 2018 |
|---|---|---|---|
| Title | *Velanta Monique Babbitt v. Dignity Health, et al.* | Page | 2 of 6 |

# I.
# LEGAL STANDARD

"A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal . . . ." 28 U.S.C. § 1447(c). One such defect is the failure to file a notice of removal "within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based . . . ." *See id.* § 1446(b)(1). Under that statute, "[e]ach defendant . . . ha[s] 30 days after receipt by or service on that defendant of the initial pleading or summons . . . to file the notice of removal." *See id.* § 1446(b)(2)(B). "[I]f the complaint is filed in court prior to any service, the removal period [under the statute] runs from the service of the summons." *See Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 354 (1999).

"[A] party seeking to remove a case to federal court has the burden of proving that all the requirements of removal have been met. That burden goes not only to the issue of federal jurisdiction, but also to questions of compliance with statutes governing the exercise of the right of removal." *See Parker v. Brown*, 570 F. Supp. 640, 642 (S.D. Ohio 1983); *accord Riggs v. Plaid Pantries, Inc.*, 233 F. Supp. 2d 1260, 1264 (D. Or. 2001). If only written materials are submitted for the district court's consideration, then the removing defendant need only establish a *prima facie* case to survive a motion to remand. *See Parker*, 570 F. Supp. at 642–43; *cf. Leite v. Crane Co.*, 749 F.3d 1117, 1121–22 (9th Cir. 2014) (a motion to remand for lack of subject matter jurisdiction is governed by Rule 12(b)(1) standards); *ActiveVideo Networks, Inc. v. Trans Video Elecs., Ltd.*, 975 F. Supp. 2d 1083, 1085–86 (N.D. Cal. 2013) ("When a factual [Rule 12(b)(1)] motion to dismiss is made and only written materials are submitted for the court's consideration, a plaintiff need only establish a *prima facie* case of jurisdiction."). Furthermore, "the question whether service of process was sufficient [in a case that was removed from state court] is governed by state law." *See Whidbee v. Pierce Cty.*, 857 F.3d 1019, 1023 (9th Cir. 2017).

# II.
# DISCUSSION

As discussed below, the Court concludes that Afework has not shown that he properly removed this case under either 28 U.S.C. section 1442 or 42 U.S.C. section 233(l)(2). Removal Notce at 1 [Doc. # 1].

### A.    Removal Under 28 U.S.C. § 1442

On March 27, 2018, Plaintiff filed a signed proof of service in state court, which indicates that Shiran Moretsqi personally delivered the summons, complaint, and other case-related documents to Afework at 6:55 p.m. on March 26, 2018 at 11343 Abana Street in Cerritos, California. Removal Notice, Ex. 6 at 1–2 [Doc. # 1-15]. If Plaintiff served Afework with a copy of the complaint and summons on March 26, 2018 as the proof of service claims, then Afework's removal of the case under Section 1442 was untimely because he did not file the Removal Notice until well after April 25, 2018. *See* 28 U.S.C. § 1446(b). Afework nonetheless insists that he first learned of the complaint via the June 27, 2018 letter mentioned *supra*, and that he promptly retained counsel and removed the action within 30 days of receiving that letter. *See* Opp'n re MTR at 21–22

"The filing of a proof of service creates a rebuttal presumption that the service was proper. However, the presumption arises only if the proof of service complies with the applicable statutory requirements."[2] *Floveyor Int'l Ltd. v. Superior Court of L.A. Cty.*, 59 Cal. App. 4th 789, 795 (1997) (citing *Dill v. Berquist Constr. Co.*, 24 Cal. App. 4th 1426, 1441–42 (1994)). The applicable statute in this case is California Code of Civil Procedure section 415.10, which governs service via personal delivery. *See* Cal. Civ. Proc. Code § 415.10. Proof of personal service must comply with California Code of Civil Procedure section 417.10, which provides in pertinent part that "proof that a summons was served on a person within this state shall be made: . . . [i]f served under Section 415.10, . . . by the affidavit of the person making the service showing the time, place, and manner of service[.]" *See* Cal. Civ. Proc. Code § 417.10(a). The proof of service in the instant case satisfied these requirements. *See* Removal Notice, Ex. 6 at 1–2 [Doc. # 1-15].

Afework fails to rebut the presumption of proper service. Afework attests that he has never been formally served, but sheds no light on where he was at 6:55 p.m. on March 26, 2018. *See* Afework Decl. at ¶¶ 4–5 [Doc. # 39-1]. This conclusory, self-serving, and uncorroborated declaration falls far short of rebutting the presumption of proper service. *See Yolo Cty. Dep't of Child Support Servs. v. Myers*, 248 Cal. App. 4th 42, 47–48 (2016) (affirming a trial court's rejection of a defendant's self-serving declaration that he was not properly served). Furthermore, his attorney's allegation that the person effectuating service may have been biased is not competent evidence that can rebut this presumption.[3] *See* Resp. to OSC at 3 [Doc. # 29]; *Lofton v. Verizon*

---

[2] As noted *supra* Part I, the adequacy of service is governed by state law.

[3] Attached to Afework's Response to the OSC appears to be a printout from the website "FastPeopleSearch[,]" which seems to indicate that the person who effectuated service is in some vague way "[r]elated to" Plaintiff's counsel. *See* Resp. to OSC, Ex. B at 1 [Doc. # 29-2]. This printout likewise fails to rebut the

UNITED STATES DISTRICT COURT          JS-6 / REMAND
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | CV 18-6528-DMG (FFMx) | Date | November 19, 2018 |
|---|---|---|---|
| Title | *Velanta Monique Babbitt v. Dignity Health, et al.* | Page | 4 of 6 |

*Wireless (VAW) LLC*, 308 F.R.D. 276, 286 (N.D. Cal. 2015) ("[A]ttorney argument is not evidence on which the court can rely."). His attorney's assertions regarding the precise timing of the filing of the proof of service (*i.e.*, two years after the action was initiated and following the state court's issuance of an order to show cause for failure to file a proof of service) are undisputed, but they do not establish that the proof of service is invalid. *See* Resp. to OSC at 3 [Doc. # 29]. Accordingly, removal under 28 U.S.C. section 1442 was untimely.[4]

**B.     Removal Under 42 U.S.C. § 233(l)(2)**

Title 42 U.S.C. section 233(l)(2) provides in pertinent part that, "[i]f the Attorney General fails to appear in State court within the time period prescribed under [section 233(l)(1)], upon petition of any entity or officer, governing board member, employee, or contractor of the entity named, the civil action or proceeding shall be removed to the appropriate United States district court." 42 U.S.C. § 233(l)(2). In turn, Section 233(l)(1) requires the Attorney General to "make an appearance" in the state court and "advise such court as to whether the Secretary [of the Department of Health and Human Services ('HHS')] has determined . . . that [an] entity, officer, governing board member, employee, or contractor of the entity is deemed to be an employee of the Public Health Service" within "15 days after being notified" of that civil action. *See id.* § 233(l)(1).

Afework concedes that his attorney provided a copy of the complaint to HHS on July 16, 2018, *see* Opp'n re MTR at 21, and that he filed the Removal Notice eleven days later—*i.e.*, on July 27, 2018, Removal Notice at 1 [Doc. # 1]. Under the plain text of Section 233(l)(2), removal was improper because the Attorney General did not "fail to appear" within "15 days after being notified" of the state court action. *See* 42 U.S.C. § 233(l)(1)–(2); *see also Allen v. Christenberry*, 327 F.3d 1290, 1294–95 (11th Cir. 2003) (concluding that removal was procedurally improper because defendants did not comply with Section 233(l)(2)'s 15-day rule). Afework nonetheless claims that the purported underlying purposes of the statute (*e.g.*, to ensure that certain defendants have access to federal court) and its legislative history demonstrate that Congress did not intend for the 15-day period to "operate as a bar on removals . . . ." *See* Opp'n re MTR at 12–19. Yet, Section 233(l)(2) unambiguously provides that, "*[i]f* the Attorney General fails to appear in State court within the time period prescribed under paragraph (1), . . . the civil

---

presumption of valid service because Afework failed to: properly authenticate this document, *see* Fed. R. Evid. 901, describe how "FastPeopleSearch" obtains such information, or acknowledge the obvious alternative explanation that the server is merely Plaintiff's employee and not his relative.

[4] Because Afework's Removal Notice was untimely, the Court need not address whether Afework is a federal employee for the purposes of Section 1442.

UNITED STATES DISTRICT COURT  JS-6 / REMAND
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **CV 18-6528-DMG (FFMx)** | Date | November 19, 2018 |
|---|---|---|---|
| Title | *Velanta Monique Babbitt v. Dignity Health, et al.* | Page | 5 of 6 |

action or proceeding shall be removed . . . ." *See* 42 U.S.C. § 233(l)(2) (emphasis added). Accordingly, Afework's policy arguments and resort to legislative history are inapposite.[5] *See Avendano-Ramirez v. Ashcroft*, 365 F.3d 813, 816 (9th Cir. 2004) ("Canons of statutory construction dictate that if the language of the statute is clear, we look no further than that language in determining the statute's meaning. Therefore, we look[] to legislative history only if the statute is unclear." (alteration in original) (quoting *Ore. Nat. Res. Council, Inc. v. Kantor*, 99 F.3d 334, 339 (9th Cir. 1996)).

Afework further contends that he had to remove the action before the expiration of the 15-day period in order to avoid the risk of a default being entered against him in state court. *See* Opp'n re MTR at 17. The text of Section 233(l)(2) does not contain any such exception to the 15-day rule. *See* 42 U.S.C. § 233(l)(2). Furthermore, this argument is belied by the evidence in the record, as the Court has already found that Afework was served on March 26, 2018—*i.e.*, long before he notified HHS of the suit. *See supra* Part II.A. Additionally, he does not explain why he failed to simply file an answer in the state court proceedings, wherein he presumably could have preserved his defense that the Government should be substituted in his place. *See* Opp'n re MTR at 17.

Afework also claims that even if violating the 15-day rule rendered removal improper, that error was harmless and therefore excusable under Federal Rule of Civil Procedure 61 because the 15-day period ultimately elapsed without the Government making any appearance in the state court proceedings. *See* Opp'n re MTR at 17–18. Afework cites virtually no authority for the truly remarkable proposition that Rule 61 can excuse defects in a statutorily-mandated removal procedure. Further, Afework has not discharged his burden of showing that he could have filed a proper notice of removal after the 15-day period elapsed. *See Parker*, 570 F. Supp. at 642 ("It is clear that a party seeking to remove a case to federal court has the burden of proving that all the requirements of removal have been met."). Even courts holding that Section 1446(b)'s 30-day limit does not apply to removals under Section 233(l)(2) have acknowledged the possibility that laches may bar such removals. *See Estate of Booker v. Greater Phila. Health Action, Inc.*, 10 F. Supp. 3d 656, 665–66 (E.D. Pa. 2014). Afework does not explain why laches would not apply here, even though he failed to remove the action until four months after he was served. *See id.*

---

[5] Afework also argues that the Government cannot cut off his right to remove the case under Section 233(l)(2) by merely appearing in state court. *See* Opp'n re MTR at 12–18. Specifically, he argues that such a holding would insulate from judicial review the Government's decision not to certify that a defendant acted within the scope of employment for the purposes of the FSHCAA. *See id.* Since Afework removed the action before the Government's 15-day window for appearing had elapsed, however, the Court need not reach that issue.

UNITED STATES DISTRICT COURT   JS-6 / REMAND
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **CV 18-6528-DMG (FFMx)** | Date | November 19, 2018 |
|---|---|---|---|
| Title | *Velanta Monique Babbitt v. Dignity Health, et al.* | Page | 6 of 6 |

(observing that laches in this context concerns whether the defendant "delayed unreasonably in filing a notice of removal"). Accordingly, the Court will remand this matter to state court.

## III.
## CONCLUSION

In light of the foregoing, the Court **GRANTS** the Government's MTR and **DENIES as moot** Defendant Afework's Motion for Stay and Substititon. The Court **REMANDS** this action to the Los Angeles County Superior Court

**IT IS SO ORDERED.**